IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 JUN -7 PM 3: 26

ROBERT R. Di TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CHESTINE L. MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03-2948 B/P |
| | ) | |
| STATE of TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

ORDER DENYING DEFENDANT'S MOTION FOR MENTAL EXAMINATION
OF PLAINTIFF AND DENYING DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO DISCLOSE DEFENDANT'S EXPERT WITNESS REPORT

---

Before the Court is Defendant's Motion for Mental Examination of Plaintiff, filed on May 13, 2005 (dkt #42), and Defendant's Motion for Extension of Time to Disclose Defendant's Expert Witness Report, filed on May 17, 2005 (dkt #46). Plaintiff filed her response to the motion for mental examination on May 31, 2005. On June 3, 2005, this Court held a hearing on the motions and counsel for all parties were present and heard. For the following reasons, the motions are DENIED.

### I. BACKGROUND

Plaintiff Chestine Montgomery filed the present employment discrimination action on December 17, 2003. In her complaint, the Plaintiff alleges that she was passed over for a promotion due to

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ____6/3/05____

58

her gender.   On May 13, 2005, the Defendant filed this Motion for Mental Examination of the Plaintiff because, the Defendant alleges, the Plaintiff was not promoted due to a "documented pattern of extreme anger, threats, and physical acting out in the workplace." The Defendant has not sought discovery of any medical records speaking to the Plaintiff's mental health, nor are any known to exist.

On May 27, 2005, the Defendant submitted a supplemental filing in support of this motion which cited the Plaintiff's failure to recall certain events at her deposition as additional grounds for a mental examination. In her response, Plaintiff states that the alleged incidents of hostility occurred over 6 years ago, which affected her ability to recall the events.   The Plaintiff maintains that her mental condition is not at issue in this case.

## II. ANALYSIS

Rule 35 of the Federal Rules of Civil Procedure provides in pertinent part, "when the mental or physical condition of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause . . . ." Fed. R. Civ. P. 35. These "in controversy" and "good cause" requirements are not met by "mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the

movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).  Mental examinations should only be ordered "upon a discriminating application by the district judge of the limitations prescribed by the Rule.  To hold otherwise would mean that such examinations could be ordered routinely" in similar cases.  Id. at 121-22.  Thus, if this Court were to follow Defendant's reasoning that the Plaintiff should be required to submit to a mental examination due to her inability to recall certain events during her deposition, mental examinations could be routinely ordered in all cases where a party could not remember information during a deposition.  "The plain language of Rule 35 precludes such an untoward result." Id. at 122.  Defendant also contends that a mental examination should be ordered to determine possible causes or explanations for Plaintiff's hostility and anger towards those with whom she worked.  Defendant alleges that Plaintiff's attitude is relevant to the case because it is the reason she was not promoted.

In Acosta v. Tenneco Oil Co., the plaintiff alleged he was wrongfully terminated in violation of the Age Discrimination in Employment Act. Acosta v. Tenneco Oil Co., 913 F.2d 205, 207 (5th Cir. 1990).  As an affirmative defense, the defendants claimed that the plaintiff failed to mitigate damages by failing to exercise

reasonable diligence in seeking comparable employment.  Id. at 207, 209.  The Court concluded, "while Tenneco's failure to mitigate defense places into issue the availability of comparable employment and the reasonableness of Acosta's efforts to obtain comparable employment, the defense cannot be construed as placing into controversy Acosta's mental or physical condition."  Id. at 209.

In the present case, the Plaintiff has not placed her mental condition in controversy and the Defendant's contention that Plaintiff was hostile towards fellow employees also does not place her mental condition in controversy.  The issue raised by the Defendant is whether the Plaintiff's anger problem was the reason she was not promoted. This is an issue of the Plaintiff's workplace behavior, rather than an issue of the Plaintiff's mental state.

In addition, good cause does not exist when the movant can obtain the desired information by other means.  Femley v. Hills, 222 F.R.D. 257, 260 (D.V.I. 2004).  In this case, the Defendant has several witnesses who could testify about Plaintiff's behavior and from whom an objective fact finder could determine whether the Plaintiff's behavior was inappropriate.  The Defendant has failed to affirmatively show that the Plaintiff's mental condition is in controversy and that good cause exists for ordering a mental examination.

### III. CONCLUSION

Accordingly, the Court DENIES Defendant's Motion for Mental

-4-

Examination of the Plaintiff. In addition, the Court DENIES Defendant's Motion for Extension of Time to Disclose Defendant's Expert Witness Report because, according to the Defendant, a denial of the previous motion eliminates the need for the Defendant to disclose an expert witness report.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

June 7, 2005
Date

-5-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 2:03-CV-02948 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Christopher Paul Renard
LAW OFFICE OF CHRISTOPHER P. RENARD
46 N. Third St.
Ste. 206
Memphis, TN 38103

Zachary S. Griffith
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

John W. Dalton
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37207--020

Kaye G. Burson
RUTLEDGE & RUTLEDGE
1053 W. Rex Road
Ste. 101
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT