IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHESTINE L. MONTGOMERY,

    Plaintiff,

v.                            No. 03-2948 B

STATE OF TENNESSEE, et al.,

    Defendants.

---

ORDER DENYING DEFENDANT STATE OF TENNESSEE'S
MOTION FOR SUMMARY JUDGMENT

---

This lawsuit has been brought by the Plaintiff, Chestine L. Montgomery, against the Defendant, the State of Tennessee (the "State"), alleging discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988).

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by



documentary proof such as depositions and affidavits, the nonmoving party may not rest on [her] pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

Montgomery, a white female, began working for the State in 1993 as an environmental scientist in Nashville and later transferred to its Memphis office. She alleges in her complaint that, on May 30, 2002, she was denied a promotion to a supervisory position, which was awarded to John Garland, a male with less seniority and qualifications, by the male division office manager, Allen Grewe. She has further asserted that she was denied specialized training opportunities based on her gender.

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's ...sex..." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment as posited by the Plaintiff "occurs when an employer treats some employees less favorably than others because of race, religion, sex, or the like." Huguley v. General Motors Corp., 52 F.3d 1364, 1370 (6th Cir. 1995). Montgomery may withstand a motion for summary judgment either by presenting direct evidence of discrimination or by presenting circumstantial evidence, utilizing the evidentiary framework set forth in McDonnell

2

Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), from which a jury could draw an inference of discriminatory motive. See Seay v. Tennessee Valley Auth., 339 F.3d 454, 463 (6th Cir. 2003).

Where direct evidence is not available, as is often the case in employment discrimination cases, a plaintiff may, utilizing the McDonnell Douglas/Burdine analysis, create an inference of discrimination based on a failure to promote by initially establishing a prima facie case, in which she must show that (1) she was a member of a protected class; (2) she applied and was qualified for the position sought; (3) she was considered for and denied the promotion; and (4) another employee with similar qualifications who was not a member of the protected class received the promotion. Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 614 (6th Cir. 2003), reh'g and suggestion for reh'g en banc denied (Nov. 25, 2003). Once the plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to produce a legitimate, non-discriminatory reason for its actions. McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. at 1824. If the employer carries its burden of production, the presumption raised by the plaintiff's prima facie case is rebutted. A plaintiff must then prove, by a preponderance of the evidence, that the employer's stated reasons for the employment action were a pretext for discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 518-19, 113 S.Ct. 2742, 2753-54, 125 L.Ed.2d 407 (1993).

There is no question that Montgomery is a member of a protected class and that Garland is not, or that the Plaintiff applied for the supervisory position and was denied. The Defendant maintains, however, that the two were not in fact "similarly situated" based on Montgomery's long history of erratic behavior in the workplace. This argument goes hand in hand with the State's

contention that it possessed a legitimate, non-discriminatory reason for not offering the position to the Plaintiff--that is, that Montgomery, unlike Garland, was disruptive, unable to get along with other employees and potentially dangerous. "To carry its burden of production at this stage of the inquiry, the defendant need not persuade the court that it was actually motivated by the proffered reasons." Gee-Thomas v. Cingular Wireless, 324 F.Supp.2d 875, 884 (M.D. Tenn. 2004) (citing Burdine, 450 U.S. at 254, 101 S.Ct. 1089. "Rather, the defendant's burden is to present admissible evidence, not mere argument of counsel or allegations in its answer, that establishes a genuine issue of fact as to whether it discriminated against the plaintiff." Id. at 884-85 (citing Burdine, 450 U.S. at 254-55 n. 9, 101 S.Ct. 1089).

The Sixth Circuit has recognized "that it is not the court's place to question a business's choice from among qualified candidates, as long as its motivation was not discriminatory." "Title VII does not diminish lawful traditional management prerogatives in choosing among qualified candidates. So long as its reasons are not discriminatory, an employer is free to choose among qualified candidates. An employer has even greater flexibility in choosing a management-level employee . . . because of the nature of such a position." Id. at 887 (citing Wrenn v. Gould, 808 F.2d 493, 502 (6th Cir.1987)).

In support of its position, the Defendant has offered the deposition testimony of supervisors and co-workers who cited the Plaintiff's physical and verbal threats, including threatening to strike an individual with a tire tool, for which she was disciplined; throwing office items; slamming doors; glaring menacingly at co-workers; and generally and continually displaying ill-mannered, hostile, unprofessional, offensive and loud behavior. Two co-workers expressed concern for the possibility of violence in the workplace on the part of Montgomery, even prompting the male co-worker to

4

request a transfer to another office. In contrast, the Defendant presents evidence to suggest that Garland was promoted to the position based on his superior personnel skills, along with his professional capabilities. The State also posits that Garland passed a training course which Montgomery failed on two occasions. Furthermore, the Defendant presents evidence that other female employees were in fact given specialized training.

In response, Montgomery has proffered affidavits of other co-workers who describe her as professional and cordial, thus painting a far different picture that that submitted by the Defendant. While she admits the course failures, the Plaintiff insisted in her affidavit that the course had no bearing on her eligibility for promotion to a supervisory position. She also takes issue with the Defendant's assertions concerning specialized training.

Based on the foregoing, and viewing the evidence in the light most favorable to the Plaintiff, it is the Court's determination that genuine issues of material fact exist as to whether the decision not to promote Montgomery was based on gender. As the presence of such issues preclude summary judgment, the motion is DENIED.

IT IS SO ORDERED this 4th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

5

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 2:03-CV-02948 was distributed by fax, mail, or direct printing on October 5, 2005 to the parties listed.

---

Kaye G. Burson
RUTLEDGE & RUTLEDGE
1053 W. Rex Road
Ste. 101
Memphis, TN 38119

Christopher Paul Renard
LAW OFFICE OF CHRISTOPHER P. RENARD
46 N. Third St.
Ste. 206
Memphis, TN 38103

Zachary S. Griffith
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

John W. Dalton
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37207--020

Honorable J. Breen
US DISTRICT COURT